999 F.2d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Livia OLGUIN, Plaintiff-Appellee,
v.
Emilio NARANJO, individually and in his official capacity;
Estanislado Vigil, individually and in his official
capacity; Pete Garcia, in his official capacity; Rio
Arriba County; Board of County Commissioners of Rio Arriba
County; Office of the Treasurer of Rio Arriba County,
Defendants-Appellants.
 No. 92-2036.
 United States Court of Appeals, Tenth Circuit.
 July 1, 1993.
 
 Before McKAY, Chief Judge, and SETH and MOORE, Circuit Judges.
 ORDER AND JUDGMENT[1]
 McKAY, Chief Judge.
 
 
 1
 This appeal arises from the denial of the Appellants' motion for qualified immunity.[2] Appellants assert that they were entitled to a grant of qualified immunity under the undisputed facts of this case. In addition, they assert the trial court applied an overly burdensome and incorrect standard when it denied Appellants qualified immunity.
 
 
 2
 A review of the record before us indicates that the district court considered separately Appellants' motion for summary judgment and for qualified immunity. The inappropriate standard which Appellants complain of was applied, if at all, only in that section of the opinion denying Appellants' motion for summary judgment. The denial of Appellants' motion for summary judgment is not properly before us.
 
 
 3
 The record indicates that the trial court applied an appropriate standard when considering the qualified immunity issue, and we are satisfied with the trial court's analysis in this case. Accordingly, the judgment is affirmed for the reasons given by the trial court.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [2]
 Appellants filed a motion for summary judgment and for qualified immunity. Both motions were denied. The motion for qualified immunity is before us on an interlocutory appeal pursuant to 28 U.S.C. § 1291 (1988)